BALDWIN v. TAYLOR.

4-3898

Opinion delivered June 10, 1935.

R. E. Wiley, Henry Donham and Wm. P. Bowen, for appellants.

J. H. Lookadoo and Lyle Brown, for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $100 on account of damage to a truck growing out of a collision between it and box cars of appellant being backed on a side-track by an engine at a public crossing on Third Street near the Temple Cotton Oil Mill in Arkadelphia. The truck was owned by appellee, and was being driven at the time of the collision by Sam Norris. The negligence alleged in appellee's complaint as a basis for recovery was that "the driver of the truck knowing that it was the custom of the defendant company to have a bell ringing there at the crossing if everything was not in the clear, that is, if any trains were near, not hearing any bell, in fact no bell was ringing, the driver of the truck felt safe in going across, and just as he got on the track a freight train of the defendants' company backed into the driver which completely tore up a 1927 Ford truck."

The record reflects that the driver of the truck approached the crossing coasting down a hill with his emergency brake pulled up and without further checking his speed, and, observing that the stationary bell at the crossing was not ringing, concluded it was safe to cross and attempted to do so but lost control of his truck and ran off the crossing onto the right-of-way south of the south side of the street some fifteen feet, and, after crossing two tracks, collided with a freight train backing

slowly on the third track toward the street. The collision occurred fifteen or twenty feet south of the south line of the street and at a time the truck driver was entirely off the street and crossing. There were three tracks at the crossing running north and south, one being the main line and the other two side or switch tracks. There was a stationary bell so attached to the main track or line that it would ring when trains would approach on the main track from either direction, but had no connection with the switch or side-tracks and did not ring when trains came upon the side-tracks. There is some conflict in the evidence as to why the driver left the street and ran across the tracks on the south side thereof until he collided with the freight train, some witnesses being of the opinion that the steering wheel and brakes were out of order and others of the opinion that he was coming down the hill so fast he could not make the turn on the slight curve at the crossing but kept straight ahead. The brakeman who attempted to signal to the driver of the truck to stop and some parties to whom he was talking near the south side of the street had to run to prevent being injured themselves. Had the driver remained in the street instead of leaving it, there would have been no collision between the truck and train.

The only negligence alleged on the part of appellants was the failure of the stationary bell to ring in accordance with custom, which failure caused the driver to feel it safe to go across. There is no proof to show any custom relative to ringing the stationary bell except automatically when trains were approaching the crossing on the main track. The bell was not attached to the rails on the side-tracks, hence it was not customary for it to ring when trains approached the crossing on either of the side-tracks. At the time the driver attempted to go across, there were no trains on the main track. There is no proof in the record to show the alleged custom relied upon and made the basis of appellee's claim. There being no proof to sustain the allegation of negligence in the complaint, the court should have instructed a verdict for appellant.

The judgment is reversed, and the cause is dismissed.